NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (4th) 220709-U

NO. 4-22-0709

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 8, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* S.J., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (The People of the State of Illinois, | ) | Winnebago County |
|     Petitioner-Appellee, | ) | No. 21JA400 |
|     v. | ) | |
| Ronald A., | ) | Honorable |
|     Respondent-Appellant). | ) | Francis M. Martinez, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court granted appellate counsel's motion to withdraw and affirmed, concluding no issue of arguable merit could be raised on appeal.

¶ 2    Respondent father, Ronald A., appeals from the trial court's orders finding his daughter, S.J. (born September 15, 2021), to be neglected and making her a ward of the court and placing guardianship and custody with the Department of Children and Family Services (DCFS). On appeal, respondent's appellate counsel moves to withdraw on the ground no issue of arguable merit can be raised. For the reasons that follow, we grant appellate counsel's motion and affirm.

¶ 3                    I. BACKGROUND

¶ 4    Respondent and Miranda J. are the minor's biological parents. The minor's mother is not a party to this appeal.

¶ 5                    A. Petition for Adjudication of Wardship

¶ 6        In November 2021, the State filed a petition for adjudication of wardship, alleging the minor was neglected. In the petition, as later amended, the State alleged the minor was neglected in that she was (1) subject to an environment injurious to her welfare due to her mother's substance abuse issues (705 ILCS 405/2-3(1)(b) (West 2020)) (count I) and (2) born with cocaine or fentanyl or a metabolite of said substances in her urine, blood, or meconium which was not the result of medical treatment (705 ILCS 405/2-3(1)(c) (West 2020)) (count II). Following a hearing that same month, the trial court granted DCFS temporary guardianship and custody of the minor.

¶ 7                            B. First Appearance

¶ 8        In January 2022, respondent appeared before the trial court on the State's amended petition for adjudication of wardship. The court informed respondent of the allegations in the petition, his rights, and the progression of the proceedings. In addition, the court appointed counsel to represent respondent.

¶ 9                            C. Adjudicatory Finding

¶ 10        In March 2022, respondent appeared before the trial court with counsel for an adjudicatory hearing. At the commencement of the proceeding, the State informed the court of an agreement involving a stipulation on count II from the minor's mother, a waiver of a formal hearing from respondent, and a dismissal of count I. Respondent's counsel, on inquiry of the court, indicated she had discussed the agreement with her client. The court accepted the agreement and found the minor to be neglected. At the time, the court had before it a report indicating the minor had a positive drug screen for cocaine shortly after her birth.

¶ 11                            D. Dispositional Findings

¶ 12        In July 2022, respondent, following several continuances for changes of counsel,

appeared before the trial court with counsel for a dispositional hearing. During the hearing, the State submitted two police reports. In addition, the court, at the State's request, took judicial notice of multiple dispositional reports. Respondent did not present any evidence.

¶ 13    As gleaned from the evidence presented, in March 2021, police found respondent unconscious on the floor in an entryway and, after being administered Narcan, respondent reported he had snorted a white powder given to him by the minor's mother. In September 2021, the minor was born 10 weeks premature. She then remained hospitalized for several months. The minor required the administration of oxygen, tube feedings, medications, and inhaler treatments. The minor was repeatedly hospitalized for breathing complications. Respondent attended visitations with the minor. The agency assigned to monitor the welfare of the minor had concerns with respondent's communication style, minimization of the minor's medical needs, and parenting skills. The agency found respondent's communication style, which included yelling at and speaking over the caseworker, and his refusal to complete an integrated assessment prevented it from being able to work with him to start services.

¶ 14    With respect to recommendations, it was undisputed the minor should be made a ward of the court. The only issue in dispute concerned whether guardianship and custody should be placed with respondent or DCFS. The State and the guardian *ad litem* asserted guardianship and custody should be placed with DCFS because respondent was unfit, unable, and unwilling to care for the minor. Respondent's counsel asserted guardianship and custody should be placed with respondent because he was fit, able, and willing to care for the minor.

¶ 15    The trial court, after considering the evidence and the recommendations, made the minor a ward of the court. It then, after finding respondent was willing but unfit and unable to care

for the minor, placed guardianship and custody with DCFS.

¶ 16　　　　　　E. Notice of Appeal and Appointment of Appellate Counsel

¶ 17　　　　　In August 2022, respondent filed a timely notice of appeal, and the trial court appointed appellate counsel to represent respondent.

¶ 18　　　　　　F. First Motion to Withdraw as Appellate Counsel

¶ 19　　　　　In October 2022, respondent's appellate counsel moved to withdraw on the ground no issue of arguable merit could be raised on appeal. Counsel's motion was accompanied by a brief. The brief identified potential issues for review related only to the dispositional findings.

¶ 20　　　　　　G. Denial of the Motion to Withdraw Without Prejudice

¶ 21　　　　　In December 2022, this court issued a summary order denying appellate counsel's motion to withdraw without prejudice. The denial was based upon appellate counsel's failure to identify any potential issue for review related to the adjudicatory finding. *In re S.J.*, No. 4-22-0709 (2022) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 22　　　　　　H. Second Motion to Withdraw as Appellate Counsel

¶ 23　　　　　In January 2023, respondent's appellate counsel moved again to withdraw on the ground no issue of arguable merit could be raised on appeal. Counsel's motion was accompanied by a brief. The brief identified potential issues for review related to the adjudicatory and dispositional findings.

¶ 24　　　　　Appellate counsel's second motion to withdraw is now before this court.

¶ 25　　　　　　　　　II. ANALYSIS

¶ 26　　　　　In the second motion to withdraw, appellate counsel claims no issue of arguable merit can be raised on appeal. We agree.

¶ 27                                    A. Timeliness of This Disposition

¶ 28            As an initial matter, we must address the timeliness of this disposition. This case

has been designated as accelerated pursuant to Illinois Supreme Court Rule 311 (eff. July 1, 2018).

Rule 311(a)(5) states, in part, "[e]xcept for good cause shown, the appellate court shall issue its

decision within 150 days after the filing of the notice of appeal." Ill. S. Ct. R. 311(a)(5) (eff. July

1, 2018). In this case, the motion practice on appeal resulted in the matter not being submitted for

disposition until after the 150-day deadline had passed. Under these circumstances, we find the

existence of good cause for the late disposition.

¶ 29                                    B. The Trial Court's Adjudicatory Finding

¶ 30            Appellate counsel asserts she considered contesting the trial court's adjudicatory

finding but concluded any argument in support thereof would be entirely frivolous.

¶ 31            Before a minor may be removed from a parent's custody and made a ward of the

court, the minor must be found to be abused, neglected, or dependent. *In re A.P.*, 2012 IL 113875,

¶ 19, 981 N.E.2d 336. Section 2-3(c) of the Juvenile Court Act of 1987 (Act) (705 ILCS

405/2-3(1)(c) (West 2020)) defines a neglected minor as "any newborn infant whose blood, urine,

or meconium contains any amount of a controlled substance," with the exception of controlled

substances that were the result of medical treatment. With respect to an adjudication, the only

question to be resolved is whether a child is neglected, not whether either parent is neglectful. *In re*

*Arthur H.*, 212 Ill. 2d 441, 465, 819 N.E.2d 734, 748 (2004).

¶ 32            In this case, the minor's mother stipulated to the allegation that the minor was

neglected in that she was born with cocaine or fentanyl or a metabolite of said substances in her

urine, blood, or meconium which was not the result of medical treatment (705 ILCS 405/2-3(1)(c)

(West 2020)), and the trial court had before it a report indicating the minor had a positive drug screen for cocaine shortly after her birth. Based upon the stipulation from the minor's mother and the supporting factual basis, the court could have reasonably found the minor to be neglected. On this record, we agree any argument contesting the court's adjudicatory finding would be entirely frivolous.

¶ 33                           C. The Trial Court's Dispositional Findings

¶ 34            Appellate counsel asserts she considered contesting the trial court's dispositional findings but concluded any argument in support thereof would be entirely frivolous.

¶ 35            After a minor has been found to be abused, neglected, or dependent, a trial court must conduct a dispositional hearing. *A.P.*, 2012 IL 113875, ¶ 21. "At the dispositional hearing, the court shall determine whether it is in the best interests of the minor and the public that [the minor] be made a ward of the court, and, if [the minor] is to be made a ward of the court, the court shall determine the proper disposition best serving the health, safety[,] and interests of the minor and the public." 705 ILCS 405/2-22(1) (West 2020). Under section 2-27(1)(d) of the Act (705 ILCS 405/2-27(1)(d) (West 2020)), a proper disposition includes placing guardianship and custody with DCFS if the minor's parents are found to be unfit, unable, or unwilling to care for the minor.

¶ 36            In this case, the only issue in dispute below was whether the minor should be placed in respondent's care. The evidence showed respondent had untreated substance abuse issues and lacked the necessary skills to care for a medically complex child. From the evidence presented, the trial court could reasonably conclude respondent was unfit and unable to care for the minor. On this record, we agree any argument contesting the trial court's dispositional findings would be entirely frivolous.

¶ 37                                    III. CONCLUSION

¶ 38            Because the record reveals no issue of arguable merit can be raised on appeal, we

grant appellate counsel's motion to withdraw and affirm.

¶ 39            Affirmed.